## UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

      v.

GLOBAL FIXED INCOME, LLC.

      Defendant.

Case No.:      **1 6 - 7 0 5**

**APPLICATION OF THE UNITED
STATES SECURITIES AND EXCHANGE
COMMISSION TO ENFORCE
COMPLIANCE WITH COMMISSION
ORDER AGAINST GLOBAL FIXED
INCOME, LLC**

Plaintiff Securities and Exchange Commission (the "Commission" or "SEC")

respectfully applies to this Court for the entry of a judgment enforcing compliance by the

Defendant Global Fixed Income, LLC ("GFI") with a final Commission Order entered against it

on March 26, 2015 (the "Commission Order"), which, in part, required GFI to pay disgorgement

of $1,467,113.04, plus prejudgment interest from April 5, 2015, and additional disgorgement of

$968,876.57, plus prejudgment interest from July 24, 2015, and a civil money penalty of

$500,000.00, plus prejudgment interest from April 5, 2015.

      In support of its Application, the Commission states as follows:

### INTRODUCTION

1.      The SEC seeks by this action to enforce the Commission Order, which found that

GFI willfully violated Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange

Act"), 15 U.S.C. § 78(o)(a)(1).

2.      GFI has not complied with the Commission Order in that it has not paid the full

disgorgement and prejudgment interest, and the civil money penalty, and interest thereon,

imposed on it by the Commission Order.

## PARTIES

3.     The Commission is an agency of the United States Government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

4.     GFI is a Delaware corporation with its principal place of business in Lake Bluff, Illinois.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction under Sections 21(e)(1) and 27(a) of the Exchange Act, 15 U.S.C. §§ 78u(e)(1) and 78aa(a).

6.     Venue is based upon Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a), in that GFI is "found" or is an inhabitant of, and is a resident of, and transacts business within the District of Delaware.

## STATEMENT OF RELEVANT FACTS

7.     On March 26, 2015, the Commission entered an Order Instituting Administrative and Cease-and Desist Proceedings, Making Findings, and Imposing Remedial Sanctions and a Cease-and-Desist Order against Global Fixed Income, LLC ("GFI"), and Charles Perlitz Kempf ("Kempf"), and 20 other individuals and entities, who acted as unregistered broker-dealers (the "Participants"), all of whom submitted Offers of Settlement, which the Commission determined to accept. *In the Matter of Global Fixed Income, LLC et al.*, Securities Act Rel. No. 74586, Admin. Proc. File No. 3-16460 (Mar. 26, 2015). A copy of the Commission Order is attached as Exhibit 1.

Case 1:16-cv-00705-UNA Document 1 Filed 08/10/16 Page 3 of 8 PageID #: 3

8.     Those proceedings concerned violations of the broker-dealer registration provisions of the Exchange Act by GFI, its principal Kempf, and the Participants. The Participants allowed GFI to increase its allocations in new issue corporate bonds ("New Issues"). Before each New Issue purchase, GFI transferred money to the Participants' accounts in the Participants' names but on GFI's behalf. Upon purchase of their respective allocations of the New Issues, the Participants transferred their allocations to GFI, which then sold the allocations into the secondary market, typically at a small profit that was divided between GFI and the particular Participant who obtained the allocation. Altogether, GFI directed the Participants to purchase over $2.5 billion in New Issues on GFI's behalf and Participants also purchased over $2.3 billion in securities on the secondary market on behalf of GFI. Collectively, Participants purchased approximately $4.8 billion in securities for GFI without being registered as broker-dealers.

9.     The Commission, deeming it appropriate and in the public interest, instituted public administrative cease-and-desist proceedings against GFI, Kempf, and the Participants, pursuant to Section 15(b) of the Securities Exchange Act, 15 U.S.C. § 78o(a)(1), Section 21C of the Exchange Act, 15 U.S.C § 78u-3, and Section 9(b) of the Investment Company Act of 1940 ("Investment Company Act"), 15 U.S.C. § 80a-9(b). *In the Matter of Global Fixed Income, LLC et al.*, Securities Act Rel. No. 74586, Admin, Proc. File No. 3-16460 (Mar. 26, 2015).

10.     In anticipation of the institution of these proceedings GFI, Kempf, and the Participants submitted an Offer of Settlement, which the Commission determined to accept. In the Offer of Settlement GFI, Kempf, and the Participants consented to the entry of the Commission Order, without admitting or denying the findings therein, except as to the

Commission's jurisdiction over them and the subject matter of the proceedings, which were admitted.

11.    The Commission Order found, that Kempf, the principal owner and managing member of GFI, and GFI, from 2008 through 2011 caused violations of the Exchange Act by soliciting the purchase of bonds by various Participants from GFI.  Specifically:

> a.  beginning in 2008, GFI solicited Participants to purchase bonds from GFI in order to increase GFI's allocation in oversubscribed New Issues; and
>
> b.  during 2008 through 2011 GFI entered into written agreements with the Participants to purchase securities on GFI's behalf; and
>
> c.  during 2008 through 2011 GFI directed the Participants trading activity related to New Issues; and
>
> d.  during 2008 through 2011, GFI compensated the Participants in accordance with the various agreements they entered into with GFI.

12.    The Commission Order found that as a result of this conduct, GFI, Kempf, and the Participants willfully violated Section 15(a)(1) of the Exchange Act, 15 U.S.C. § 78a(a)(1), which prohibits any broker or dealer to use the mails or any other means of interstate commerce to "effect any transactions in, or attempt to induce the purchase or sale of, any security" unless that broker or dealer is registered with the Commission in accordance with the Section 15(b) of the Exchange Act.

13.    The Commission Order directed that GFI, Kempf, and the Participants cease-and-desist from committing or causing any violations and any future violations of Section 15(a)(1) of the Exchange Act, 15 U.S.C. § 78a(a)(1), and further suspended Kempf from any association with any broker, dealer, investment advisor, municipal securities dealer, municipal advisor,

transfer agent, or nationally recognized statistical rating organization, and prohibited him from serving or acting as an employee, officer, director, member of an advisory board, investment adviser or depositor or, principal underwriter for, a registered investment company or affiliated person of such investment advisor, depositor, or principal underwriter, and barred him from participating in any offering of a penny stock, including: acting as a promoter, finder, consultant, agent or other person who engages in activities with a broker, dealer or issuer for pupose of the issuance or trading in any penny stock, or inducing or attempting to induce the purchase or sale of any penny stock.

14.     The Commission Order entered on March 26, 2015, required GFI to pay disgorgement in the amount of $2,435,989.61 (with $1,467,113.04 of the total to be paid within 10 days from its entry, and ordered the additional $968,876.57 in disgorgement to be paid within 120 days of its entry). The Commission Order further provided that interest would accrue on the disgorgement ordered pursuant to Rule 600 of the Commission's Rules of Practice, 17 C.F.R. § 201.600. The Commission Order also required GFI to pay a civil money penalty of $500,000.00 within 10 days from its entry, and it further provided that if not paid within that time, interest would accrue pursuant to 31 U.S.C. § 3717.

15.     On April 1, 2015, a payment of $531,777.31 was made towards the disgorgement obligation. On April 20, 2015, a second payment of $935,335.73 was made towards the disgorgement obligation. GFI has not made any payment on the civil penalty, and the same, together with additional interest, remain due and owing.

16.     As of June 20, 2016, pursuant to the Commission Order, GFI owes $1,010,001.50 to the Commission representing $972,789.34 in disgorgement and $37,212.16 in prejudgment interest. Interest continues to accrue pursuant to 17 C.F.R. § 201.600 until this Court issues its

- 5 -

judgment. Once the judgment is issued interest will accrue pursuant to 28 U.S.C. § 1961. As of

June 20, 2016, GFI owes a civil monetary penalty of $500,000.00, with interest pursuant to 31

U.S.C. § 3717 of $6,240.03 for a total of $506,240.03. Once the judgment is issued, additional

interest will accrue pursuant to 28 U.S.C. § 1961.

## CLAIM FOR RELIEF

17.     Section 21(e)(1) of the Exchange Act, 15 U.S.C. § 78u(e)(1), provides:

Upon application of the Commission the district courts of the United States …
shall have jurisdiction to issue writs of mandamus, injunctions, and orders
commanding (1) any person to comply with the provisions of this title, the rules,
regulations, and orders thereunder.

18.     These provisions authorize the use of summary proceedings, rather than plenary

civil actions, to enforce Commission orders in district courts.

19.     Under these provisions, the Commission "may . . . seek . . . 'orders' from the

federal courts commanding any person to comply with, inter alia, 'the provisions of [the federal

securities laws], the rules, regulations, and orders thereunder." *Fiero v. Financial Industry

Regulatory Authority, Inc.*, 660 F.3d 569, 575 (2d Cir. 2011). These provisions vest the

Commission "with authority to apply to the district court for orders commanding compliance

with the SEC orders." *SEC v. Vittor*, 323 F.3d 930, 935 (11th Cir. 2003), citing *Lang v. French*,

154 F.3d 217 (5th Cir. 1998).

20.     Proceedings under these provisions are summary in nature. *SEC v. Vindman*,

2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th

Cir. 2003). In *McCarthy*, the Ninth Circuit held that "summary proceedings may be 'conducted

without formal pleadings, on short notice, without summons and complaints, generally on

affidavits, and sometimes even *ex parte*.'"

21.     In such proceedings the Respondents may not challenge the validity of the order the Commission seeks to enforce. *SEC v. Gerasimowicz*, 9 F. Supp.3d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). "By the time a § 21(e)(1) application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *McCarthy* at 658.

**WHEREFORE**, the Commission respectfully requests:

## I.

That the Court enter an Order to Show Cause, directing GFI to show cause why this Court should not enter an Order enforcing his compliance with the Commission Order.

## II.

That after a hearing the Court enter a judgment enforcing the Commission Order by requiring GFI to pay remaining disgorgement of $1,010,001.50 and prejudgment interest pursuant to Rule 600 of the Commission's Rules of Practice, 17 C.F.R. § 201.600, and postjudgment interest pursuant to 28 U.S.C. § 1961.

## III.

That after a hearing, the Court enter a judgment enforcing the Commission Order by requiring GFI to pay a civil money penalty of $500,000.00 and interest thereon pursuant to 31 U.S.C. § 3717, and postjudgment interest pursuant to 28 U.S.C. § 1961.

## IV.

That the Court order such relief as may be necessary for enforcement of any order of this

Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act,

28 U.S.C. §§ 3001 – 3308.

**V.**

That the Court retain jurisdiction as appropriate to assure and effect compliance with the

orders entered herein.

**VI.**

That the Court order such other and further relief as may be just and proper.

Dated:      Washington, D.C.

August ___, 2016

_____

CAROL E. SCHULTZE,
Attorney for Petitioner,
SECURITIES AND EXCHANGE COMMISSION
Assistant Chief Litigation Counsel
Division of Enforcement
Securities and Exchange Commission
100 F. Street NE, Mail Stop 5628
Washington, D.C. 20549
Email: SchultzeC@sec.gov
Telephone: (202) 551-4958
Facsimile: (202) 572-1372